IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANKLIN AMERICAN )
MORTGAGE CORP. )
)
v. ) NO. 3-11-0749
) JUDGE CAMPBELL
FIRST EDUCATORS CREDIT )
UNION )

MEMORANDUM

Pending before the Court are Defendant's Motion for Partial Summary Judgment (Docket No. 28), Plaintiff's Motion for Partial Summary Judgment (Docket No. 34), and Plaintiff's Motion to Strike Inadmissible Evidence (Docket No. 45). For the reasons stated herein, Defendant's Motion for Partial Summary Judgment (Docket No. 28) is GRANTED, Plaintiff's Motion for Partial Summary Judgment (Docket No. 34) id DENIED, and Plaintiff's Motion to Strike Inadmissible Evidence (Docket No. 45) is moot.

FACTS

Plaintiff and Defendant entered into a Correspondent Loan Purchase Agreement ("CLPA") in 2006, whereby Defendant would sell residential mortgage loans to Plaintiff. Plaintiff contends that Defendant has breached that agreement by failing to repurchase five certain loans and by failing to indemnify Plaintiff for losses associated with those loans.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## BREACH OF CONTRACT

In order to show a breach of contract, Plaintiff must establish: (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of that contract, and (3) damages caused by the breach of contract. *Carrigan v. Arthur J. Gallagher Risk Mgmt. Servs., Inc.*, 870 F.Supp.2d 542, 550 (M.D. Tenn. 2012); *Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006).

## DEFENDANT'S MOTION

Defendant seeks partial summary judgment on Plaintiff's breach of contract claim involving repurchase of the five mortgage loans. Docket No. 28. Defendant argues that Plaintiff did not demand that Defendant repurchase these loans; that Plaintiff had not repurchased the loans from its investors and, therefore, did not own the loans; and that, in fact, the loans no longer existed.

Plaintiff concedes that Defendant is entitled to summary judgment on this issue with regard to the Cole Loan and the Crandle Loan. Docket No. 46. As for the other three loans (Rodriguez, Shields and Wolf), Plaintiff has admitted that it does not own those loans. Docket No. 47, ¶¶ 30-31, 39-40 and 48-49. Therefore, Defendant could not repurchase the loans from Plaintiff.

Accordingly, Defendant's Motion for Partial Summary Judgment (Docket No. 28) is GRANTED, and Plaintiff's claims for failure to repurchase the five loans are DISMISSED.

## PLAINTIFF'S MOTION

Plaintiff seeks partial summary judgment on the other of its claims - breach of contract for failure to indemnify Plaintiff. Plaintiff argues that it is entitled to judgment on this claim under Section 10 of the CLPA, which provides that Defendant shall indemnify Plaintiff for any losses arising out of misrepresentation by Defendant to Plaintiff; breach of Defendant's representations, warranties or obligations under the CLPA; any act or failure to act under the CLPA; or any failure to comply with any applicable requirement. Docket No. 16-1, Section 10.

The Court finds that there are clearly genuine issues of material fact as to whether any conduct of Defendant rises to the level of triggering indemnity under this provision of the CLPA. The parties dispute, for example, whether Plaintiff has admissible evidence that misrepresentations were made concerning alleged fraud with regard to the Wolf Loan or alleged misrepresentation with

3

regard to the Rodriguez Loan, and whether Defendant actually performed the underwriting of the Mortgage Loans that it agreed to undertake under the CLPA.

Because of these disputed factual issues, Plaintiff's Motion for Partial Summary Judgment on this issue is DENIED.

## PLAINTIFF'S MOTION TO STRIKE

In light of Defendant's Response and subsequent filing of certified exhibits (Docket Nos. 48, 60 and 64), Plaintiff's Motion to Strike (Docket No. 45) is moot.

## CONCLUSION

For these reasons, Defendant's Motion for Partial Summary Judgment (Docket No. 28) is GRANTED, and Plaintiff's claims based upon failure to repurchase are DISMISSED; Plaintiff's Motion for Partial Summary Judgment (Docket No. 34) is DENIED; and Plaintiff's Motion to Strike (Docket No. 45) is moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE