IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST EDUCATORS CREDIT UNION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:11-cv-00749<br>)<br>)<br>)<br>) Judge Todd J. Campbell<br>) Magistrate Judge John S. Bryant |

## AGREED ORDER

This matter came before the Court on the Court's Order (Docket No. 115) directing the parties to file a proposed agreed order concerning resolution of this case. Plaintiff Franklin American Mortgage Corporation ("Franklin") and Defendant First Educators Credit Union ("First Educators") hereby state as follows:

Franklin has filed a Complaint against First Educators, in which Franklin alleges that First Educators has breached the Correspondent Loan Purchase Agreement (the "CLPA") between the parties with respect to five (5) separate mortgage loans (the "Mortgage Loans").

On July 1, 2013, First Educators made an Offer of Judgment (Docket No. 113-1), in which First Educators offered to allow judgment to be entered against it, and in favor of Franklin, *only* for Franklin's claims regarding two (2) of the five (5) Mortgage Loans, namely those certain mortgage loans to borrowers (1) Tammy Cole, Loan Number 1700482202, secured by the property located at 1711 Country Road 393, Killen, AL 35645 (the "Cole Mortgage Loan") and (2) Rebecca Shields, Loan Number 1700424644, secured by the property located at

104 Creighton Drive, Athens, AL 35613 (the "Shields Mortgage Loan") in the total amount of $79,567.34, which represents Franklin's actual damages arising from the Cole and Shields Mortgage Loans, plus reasonable costs and attorneys' fees arising from the Cole and Shields Mortgage Loans to be determined by the Court following a fee application and briefing by both parties concerning reasonableness of the application. First Educators also reserved the right to have the Court determine whether Franklin is entitled to prejudgment interest with respect to the Cole and Shields Mortgage Loans.

On July 15, 2013, Franklin entered a Notice of Acceptance of Defendant's Offer of Judgment with respect only to the Cole and Shields Mortgage Loans. (Docket No. 113.)

The Offer of Judgment, and Franklin's acceptance, does not resolve Franklin's claims regarding two (2) of the other five (5) Mortgage Loans, namely those certain mortgage loans to borrowers (1) Clinton Wolf, Loan Number 1700404152, secured by the property located at 608 Saint Andrews Lane, Gulf Shores, AL 36542 (the "Wolf Mortgage Loan") and (2) Jose Rodriguez, Loan Number 1700503295, secured by the property located at 390 Range Road, Gurley, AL 35748 (the "Rodriguez Mortgage Loan"), which are set for trial beginning on October 29, 2013.

Franklin stated a claim regarding a fifth (5th) Mortgage Loan, namely that certain mortgage loan to borrower (1) Ashley Crandle, Loan Number 1700452458, secured by the property located at 3009 Summit Ridge Drive, Adamsville, AL 35005 (the "Crandle Mortgage Loan"), but dismisses that claim.

Only Franklin's claims regarding the Wolf and Rodriguez Mortgage Loans remain for trial.

IT IS THEREFORE ORDERED that the Court shall enter judgment in favor of Franklin and against First Educators in the total amount of $79,567.34, which represents Franklin's actual damages arising from the Cole and Shields Mortgage Loans only, plus reasonable costs, attorneys' fees, and pre-judgment interest arising from the Cole and Shields Mortgage Loans to be determined by the Court. The judgment shall foreclose and preclude any claims Franklin may have against First Educators with respect to the Cole and Shields Mortgage Loans, excluding reasonable costs, attorneys' fees, and pre-judgment interest.

The Court shall determine the amount of reasonable costs, attorneys' fees, and pre-judgment interest at the conclusion of the case following a fee application and briefing by both parties concerning the appropriateness and reasonableness of them.

Franklin's claim regarding the Crandle Mortgage Loan is dismissed.

First Educators filed five (5) motions in limine (Docket Nos. 67, 81, 83, 85, 87) and a motion for leave to file a sixth motion in limine (Docket No. 89). Inasmuch as First Educators' motion in limine at Docket No. 87 concerns the doctrine of mootness following the Offer of Judgment on the Cole and Shields Mortgage Loans, which Franklin has accepted, that motion in limine (Docket No. 87) is moot. The Court denied two (2) of First Educators' motions in limine (Docket Nos. 81, 83) without prejudice to re-filing them with a statement of why such filings are necessary in light of Franklin's acceptance of First Educators' Offer of Judgment on the Cole and Shields Mortgage Loans (Docket No. 118). Because both motions in limine (Docket Nos. 81, 83) concern matters for trial which are not made moot by judgment on the Cole and Shields Mortgage Loans, First Educators is not required to re-file these motions in limine or provide a statement as to their necessity. Accordingly, the four (4) motions in limine (Docket Nos. 67, 81, 83, and 85), motion for leave to file a sixth motion in limine (Docket No. 89), and motion for

leave to file reply memoranda in support of two (2) motions in limine (Docket No. 116, 117) are pending for disposition.

Nothing in this Order precludes the claims Franklin has against First Educators with respect to the Mortgage Loans identified in the Complaint as the Rodriguez Mortgage Loan or the Wolf Mortgage Loan.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE