UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
FRANKLIN AMERICAN            )
MORTGAGE CORPORATION,        )
                             )
        Plaintiff            )
                             )     No. 3:11-0749
v.                           )     Judge Campbell/Bryant
                             )     Jury Demand
FIRST EDUCATORS CREDIT UNION,)
                             )
        Defendant            )
```

## MEMORANDUM AND ORDER

Defendant First Educators Credit Union ("First Educators") has filed its motion *in limine* to exclude Plaintiff's new undisclosed theory and related argument, evidence, and testimony (Docket Entry No. 67). Plaintiff Franklin American Mortgage Corporation ("Franklin American") has filed a response in opposition (Docket Entry No. 2), and First Educators has filed a reply (Docket Entry No. 77).

First Educators' motion has been referred to the undersigned Magistrate Judge for decision (Docket Entry No. 78). For the reasons stated below, the undersigned **GRANTS** in part and **DENIES** in part this motion.

### STATEMENT OF THE CASE

In this diversity action, Plaintiff Franklin American asserts that Defendant First Educators has breached the terms of a Correspondent Loan Purchase Agreement ("Loan Purchase Agreement") between these parties. Specifically, Franklin American alleges that the Loan Purchase Agreement obligated First Educators to repurchase mortgage loans sold to Franklin American and to indemnify Franklin American for all losses associated with mortgage loans in the event

of the breach of any representation or warranty made with respect to such mortgage loans. The amended complaint identifies five mortgage loans (the Wolf, Cole, Crandle, Rodriguez and Shields loans) that were sold by First Educators to Franklin American under the terms of the Loan Purchase Agreement. Franklin American claims that certain material information about these five loans, the accuracy of which was represented and warranted by First Educators, was later determined to be inaccurate or incorrect. As a result, Franklin American alleges that it has become obligated to repurchase these mortgage loans from subsequent investors and/or has suffered financial losses because of material deficiencies in the underwriting of these loans. Franklin American asserts that it has called upon First Educators to repurchase the subject loans and/or indemnify Franklin American for resulting losses, but that First Educators has refused to do so.

First Educators has filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 17).

## SUMMARY OF PERTINENT FACTS

During discovery, First Educators served its first set of interrogatories and requests for production of documents, to which Franklin American responded on September 7, 2012 (Docket Entry No. 69-1). Interrogatory No. 19 reads as follows:

> Identify and describe in detail each and every breach of a contractual obligation (including breaches of representations and warranties) that you claim First Educators committed, as alleged in the Amended Complaint.

First Educators responded as follows:

> The Plaintiff would state that, pursuant to Fed. R. Civ.

2

P. 33, all Facts upon which the Plaintiff relies in alleging a breach of Defendant's contractual obligations to the Plaintiff are available to the Defendant through a review of the Plaintiff's business records attached hereto as Exhibit A, Exhibit B and Exhibit C.

Later, on January 22, 2013, First Educators deposed Jacqueline L. Volpe, designated to testify as a Rule 30(b)(6) witness on behalf of Franklin American. During the course of this deposition, Ms. Volpe was asked to identify the "defects" in each of the subject mortgage loans for which Franklin American is seeking monetary damages. With respect to each loan, Ms. Volpe testified to certain underwriting defects or inaccuracies allegedly found to exist in each of the loans that rendered them ineligible for purchase by subsequent investors, and allegedly triggered an obligation by First Educators to repurchase the loan and/or reimburse Franklin American for resulting financial losses (Docket Entry No. 77-2).

On March 1, 2013, Franklin American filed its motion for partial summary judgment (Docket Entry No. 34). In its memorandum in support (Docket Entry No. 36), in addition to describing the alleged underwriting defects in the five subject mortgage loans at issue, Franklin American alleges an additional claimed breach – the fact that First Educators had used a third party, BrokerSouth Net Systems, Inc. ("BrokerSouth") to perform all loan origination and underwriting investigations without disclosing that relationship to Franklin American (Docket Entry No. 36 at 10-25). Franklin American claims that this failure to disclose the role of BrokerSouth employees in the origination and underwriting investigation of the

3

subject loans constitutes a breach of the correspondent lender application between the parties and, by reference, a breach of the Loan Purchase Agreement.

**ANALYSIS**

First Educators seeks a ruling pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure prohibiting Franklin American from asserting at trial that failure to disclose the role of BrokerSouth employees in originating and underwriting these loans is, in itself, a breach of the Loan Purchase Agreement. As grounds, First Educators argues that Franklin American never disclosed this claimed breach until after the deadline for completion of discovery and until filing its memorandum in support of its motion for partial summary judgment. Specifically, First Educators states that it attempted in good faith to discover the acts and omissions that Franklin American relied upon as claimed breaches of contract, both in its contention interrogatory quoted above and in the Rule 30(b)(6) deposition of its corporate designee. However, Franklin American failed to disclose this particular claim in its interrogatory response and in the deposition testimony of its designee. First Educators argues that it would be materially prejudiced if Franklin American now were allowed to make this new claim after the close of discovery.

In response, Franklin American makes three arguments. First, Franklin American insists that the alleged "new theory" to which First Educators objects is not a new theory at all, because Franklin American's claim has always been one of breach of contract. Specifically, Franklin American asserts that all of the

4

subject mortgage loan files contain representations by First Educators that its own employees were taking loan applications and/or underwriting the loans when in fact BrokerSouth employees were performing these duties. Nevertheless, Franklin American does at least impliedly concede that this claim is new, when it states: "The only thing that could remotely be considered 'new' would be the facts supporting Franklin's breach of contract theory" (Docket Entry No. 72 at 3). Second, Franklin American maintains that this alleged new theory was made known to First Educators following the deposition of John Wheeler, Vice President of First Educators, when counsel for Franklin American told counsel for First Educators in the hallway outside the deposition room that he believed that First Educators had breached the Loan Purchase Agreement by failing to make disclosures of the BrokerSouth relationship. Third, Franklin American insists that the scope of evidence that First Educators seeks to exclude by its motion is excessive, and that if these facts were excluded from evidence it would materially prejudice Franklin American in the presentation of its case (Docket Entry No. 72 at 11-12).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information at a trial unless the failure was substantially justified or is harmless. "Contention" interrogatories are interrogatories that seek to clarify the basis for or scope of an adversary's legal claims. The general view is that contention interrogatories are a perfectly permissible form of discovery, to

5

which a response ordinarily would be required. *Starcher v. Correctional Medical Systems, Inc.*, 144 F.3d 418, 421 (6th Cir. 1998). First Educators' Interrogatory No. 19, quoted above, was a contention interrogatory that required Franklin American to identify and describe each breach of a contractual obligation that it alleged First Educators committed, as alleged in the Amended Complaint. Franklin American's response, which merely referred First Educators to First American's business records, was nonresponsive because the records themselves failed to indicate the nature of Franklin American's contentions in this case. Similarly, Ms. Volpe, when testifying as a designated Rule 30(b)(6) witness on behalf of Franklin American, failed to reveal that Franklin American intended to assert the role of BrokerSouth employees as an independent breach of contract by First Educators.

Since this claim by Franklin American was not disclosed until after the deadlines for completion of discovery, the undersigned Magistrate Judge finds that to allow Franklin American to assert this claimed breach of contract at trial would materially prejudice First Educators. Therefore, the undersigned Magistrate Judge **GRANTS** First Educators' motion *in limine* and finds that Franklin American shall not be allowed at trial to assert the alleged role of BrokerSouth employees in originating, underwriting or processing the subject mortgage loans as an independent breach of contract by First Educators.[1] However, to the extent that First

---

[1] The undersigned observes, but does not find, that the Loan Purchase Agreement imposes a near strict liability standard, in that Section 6 provides that First Educators, as seller, warrants that "there is no fact or circumstance" that would entitle a subsequent purchaser to demand

Educators would exclude all evidence of the acts of BrokerSouth employees, the motion is **DENIED**. Franklin American may prove such facts to the extent they may be relevant and material to its other allegations of breaches of contract by First Educators.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

---

repurchase or indemnification because of underwriting defects of the type alleged by Franklin American. Therefore, if these defects are proven to have existed, it would be immaterial whether the loans were originated and underwritten by First Educators employees or by BrokerSouth personnel.